BRIDGET HILL v. J. A. NEWLEE.

(No. 2242.)

APPEAL from Uvalde County. Opinion by WILLSON, J.

*(Transferred from Austin.)*

BAKER, ARCHER & CLARK, counsel for appellant.

No counsel appeared for appellee.

§ **218.** *Pleading; facts more fully within knowledge of the adverse party; less particularity required in alleging them; case stated.* Appellee sued appellant upon a parol contract for services rendered by him in conducting a livery business for her. Among other defenses appellant pleaded that appellee had not fully accounted to her in said business; that he had received all the profits of said business; had kept and still had possession of the books of account of said business, and refused to exhibit the same to her, or furnish her with any account of said business, and, therefore, she could not state specifically what amounts of money he had failed to account to her for, but that he had failed to account for and pay over the sum of $800 of the profits of said business. Appellee excepted generally to this plea, which exception was sustained. *Held* error. The plea was as full and specific as could reasonably be required under the circumstances therein alleged. It averred that the *data* of full and specific information as to the state of accounts between herself and appellee were in his possession, and that she had no access thereto, etc. Where particular facts lie more in the knowledge of the adverse party than of the party pleading them, less particularity is required in alleging them. [W. & W. Con. Rep. § 431.]

§ **219.** *Account stated; requisites of a plea of.* In a supplemental petition appellee alleged an *account stated* against appellant. This pleading was a mere general averment of an account stated, without showing the matters

adjusted. It was excepted to specially by appellant because it failed to show what particular matters were settled. The exception was overruled. *Held* error. When a party declares upon a parol statement of accounts, he must set forth the accounts settled, by exhibits or otherwise, with such circumstantiality as to apprise the adverse party of the particular matters adjusted. [Neyland v. Neyland, 19 Tex. 423.]

December 11, 1886.    Reversed and remanded.